**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **PLAINTIFF,** | : | |
| | : | |
| **v.** | : | **CASE NO. 1:25-cr-00124** |
| | : | |
| **OWEN DEMOY BYFIELD** | : | |
| **DEFENDANT,** | : | |

# DEFENDANT OWEN BYFIELD'S SENTENCING MEMORANDUM

Comes now, Owen Demoy Byfield (hereinafter "Mr. Byfield"), by and through counsel, submits this sentencing memorandum in support of his request for a sentence of incarceration of twenty-four (24) months followed by an expedited removal pursuant to 8 U.S.C. § 1228. The sentence requested is "sufficient, but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). For the reasons set forth below, Mr. Byfield submits that the requested sentence conforms to this standard and we respectfully request that this Court sentence him accordingly.

## INTRODUCTION

Owen Byfield committed a crime. A serious crime in which he participated in a fraudulent scheme that adversely affected multiple families. Regrettably, at the time he committed these crimes, Mr. Byfield did not fully appreciate the seriousness of the actions he took or how his actions would indirectly hurt not only his victims and their families, but his own family as well.

Prior to this instant case, Mr. Byfield had never run afoul of the law before. Mr. Byfield has no prior criminal history, but he did make a life changing mistake, however, and he has accepted responsibility for his actions.

Defense counsel submits that Mr. Byfield's participation in this fraudulent scheme does warrant punishment, which is certainly reasonable. But that it is also reasonable that a sentence of sentence of incarceration of twenty-four (24) months followed by an expedited removal to his

native country, is sufficient, but not greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). Moreover, defense counsel submits that the request for sentencing set forth herein are sufficient and not greater than necessary when compared to recently decided cases concerning similarly situated defendants.

## DISCUSSION

### A. Relevant Law

As this Court is well aware, in *United States v. Booker*, the United States Supreme Court struck down the provisions of the Federal Sentencing Act that made the federal sentencing guidelines mandatory. 543 U.S. 220, 250-60 (2005). "The statute, as modified by Booker, contains an overarching provision instructing courts to impose a sentence sufficient, but not greater than necessary, to achieve the goals of sentencing." *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (internal citation omitted). These purposes include sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other corrective treatment. 18 U.S.C. § 3553(a)(2).

Furthermore, the Court should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). "Underlying this tradition is the principle that the punishment should fit the offender and not merely the crime." *Pepper v. United States*, 562 U.S. 476, 487-88 (2011). Consequently, for "the determination of sentences, justice generally requires consideration of more than the particular acts by which the crime was committed and that there be taken into account the circumstances of the offenses together with the character and propensities of the offender." *Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55 (1937).

Each of these factors indicates the need to grant a variance from the advisory sentencing guideline range and for the Court to impose a sentence of twenty-four (24) months incarceration,

followed by expedited removal. This result will certainly impact Mr. Byfield, as he will forever feel the effects of a federal felony conviction much less the collateral consequences of being removed from the United States and away from his family, for the rest of his life.

### B. The 18 U.S.C. § 3553(a) Factors Warrant a Sentence of 24 Months Incarceration

Although a court begins its sentencing determination by considering the Sentencing Guidelines, "[t]he Guidelines are only *not mandatory* on sentencing courts; they are also *not to be presumed reasonable*." *Nelson v. United States*, 555 U.S. 350, 352 (2009) emphasis added (per curiam). "[T]he sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Id*. Accordingly, each of the relevant factors identified in 18 U.S.C. § 3553(a) include: (1) the nature and circumstance of the offense and the history and characteristics of the defendant, (2) the need for the sentence imposed, (3) the kinds of sentences available, (4) the Sentencing Guidelines, (5) the Guidelines' policy statements (6) disparity with similar offenders, and (7) the need to provide restitution to the victims of the offense.

#### (i) The Nature and Circumstances of the Offense

The Final Presentence Investigation Report ("PSR") provides an explanation of the offenses and Mr. Byfield does not contest the findings within the PSR. Without limiting Mr. Byfield's full acceptance of responsibility in any way, he clearly committed mail fraud through the scheme with his co-defendants. All of this is true and he has admitted to the fraud. The advisory sentencing guidelines range of 41 to 51 months is more appropriate for violent offenders, career criminals, and unremorseful individuals. None of these adjectives apply to Mr. Byfield.

#### (ii) Mr. Byfield's History and Characteristics

Mr. Byfield's background is marked by significant hardship. He was raised in Jamaica in conditions of poverty and instability, including physical abuse, the loss of his mother at a young age, and a lack of basic necessities. Despite these circumstances, he worked, pursued education, and ultimately came to the United States in search of opportunity.

He is also a family man with ongoing responsibilities. He is married and provides financial support for his child. The letters submitted to the Court reinforce this reality and provide an important window into who Mr. Byfield is outside the context of this offense. Multiple individuals—including family members, friends, and members of his community—describe him as dependable, generous, and someone who consistently places others before himself. Please see attached letters.

These letters provide insight as to the kind of person Mr. Byfield is (despite the nature of the crime he committed). The letters provided by people who know him describe specific acts of kindness, financial and emotional support, and a pattern of behavior that reflects responsibility and compassion. These writers consistently state that Mr. Byfield is someone who shows up for others during difficult times, offers assistance without hesitation, and maintains strong and positive relationships.

The Court is therefore presented not only with the offense conduct, but with a well-rounded person who has overcome struggles and obstacles and surrounds himself with family and loved ones.

**(iii) The Need for the Sentence Imposed**

Section 3553(a) instructs the Court to consider the need for the sentence imposed and to evaluate whether a guideline sentence reflects the seriousness of the offense, promotes respect for the law, provides just punishment for the offense, affords adequate deterrence, protects the public from further crimes, and provides the defendant with the needed educational or vocational training, medical care, and other correctional treatment in an effective manner. *See* 18 U.S.C. § 3553(a)(2).

In this case, these factors weigh in favor of a sentence of twenty-four months incarceration. In this case, a Guidelines sentence is not required to deter others like Mr. Byfield. A sentence of twenty-four months incarceration followed by immediate removal – a significant collateral consequence – would achieve the goal of deterrence because the fact remains that Mr. Byfield was a first-time offender who was sent to prison for fraud and deported/removed from the United States from his family. A sentence of twenty-four months incarceration demonstrates to the public at large that fraud of this sort and similarly situated defendants will be

prosecuted to the full extent of the law – deterring any would-be offenders from participating in a similar scheme.

To be sure, Mr. Byfield has already paid a significant price for his conduct, as he has been detained since his arrest and will likely never spend time with his family within the United States for the foreseeable future. These penalties are not insignificant and should sufficiently deter other similarly situated defendants.

### (iv) The Kinds of Sentences Available

Congress has stated that "sentencing decisions should be designed to ensure that prison resources are, first and foremost, reserved for those violent and serious criminal offenders who pose the most dangerous threat to society," and that "in cases of nonviolent and nonserious offenders, the interests of society as a whole as well as individual victims of crime can continue to be served through the imposition of alternative sentences, such as restitution and community service." *See* Pub L. No 98-473 § 239, 98 Stat. 1987, 2039 (1984) (set forth at 18 U.S.C. § 3551 note).

Neither counsel nor Mr. Byfield seek in any way to diminish the gravity of the instant offense. But Mr. Byfield submits that twenty-four months incarceration along with immediate removal and restitution is sufficient but not greater that necessary to achieve the objectives as defined in 18 U.S.C. § 3553(a). He is not a violent individual, nor does he pose a threat to anyone or society. The advisory sentencing guidelines range of 41 to 51 months is more appropriate for violent offenders, career criminals, and unremorseful individuals. None of these adjectives apply to Mr. Byfield.

### (v) The Need to Provide Restitution

Mr. Byfield has already agreed to take steps to repay the victims of the fraudulent scheme. He agreed with the government to the sale of his home and the proceeds from the equity to be distributed to the victims.

### (vi) Unwanted Disparity with Similar Offenders

A downward variance from the Guidelines sentence range would not create a disparity with similar offenders: it would, in fact, promote uniformity when compared to several highly relevant, similar offenders/sentences. Indeed, in 2018, courts across the country imposed a sentence on a defendant convicted of fraud/theft/embezzlement that varied from the Guidelines' range 34.8% of the time. *See* U.S.S.G., Statistical Information Packet Fiscal Year 2018, Table 10 (available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2018/1c18.pdf). Within the First Circuit, persons convicted of fraud/theft/embezzlement varied from the Guidelines' range 42.2% of the time. In other words, courts frequently sentence defendants outside the range recommended by the Guidelines.

Accordingly, we submit that although a sentence of five months incarceration followed by five months home confinement and supervised release would promote uniformity and avoid disparate outcomes with similarly offenders.

With respect to similar cases involving "sweepstakes fraud", defendants guilty of committing mail or wire fraud have been sentenced to terms of incarceration ranging from 10 months to 63 months.[1] These cases involved Jamaican nationals engaged in fraud similar to the type of fraud that Mr. Byfield had engaged in. The fraud loss amounts attributed in these cases range from $75k to over $1.6m. The defendant sentenced to the ten months was responsible for a lower fraud loss and the converse for the defendant guilty of the higher fraud loss amounts. However, since defense counsel is not privy to the pre-sentencing reports for each of the defendants in those cases, it would be mere speculation as to criminal history of the defendants in those cases, the roles of the defendants in those case or the applicable guideline ranges.

**CONCLUSION**

We concede that crimes of mail fraud that has deprived unsuspecting victims of significant sums of money is abhorrent. However, we submit that Mr. Byfield's case should take into

[1] Case No. 4:23-cr-40018, *US v. Anderson*; Defendant sentenced to sixty-three (63) months for one count of Wire Fraud with the fraud loss totaling $181,000.00 over a period of seven (7) years. Case No. 7:25-cr-00322, *US. v. Gibbs*; Defendant sentenced to 51 months for one count of Conspiracy to Commit Wire and Mail Fraud with the fraud loss totaling $1,600,000, with over 20 victims over a period of four (4) years. Case No. 5:14-cr-00046, *US v. Ricketts*; Defendant sentenced to ten (10) months for one count of Conspiracy to Commit Wire and Mail Fraud with the fraud loss totaling $72,000.00, with over 6 victims over a period of one year.

consideration all the sentencing factors outlined by Congress not based solely on the emotion that his crimes elicit or the nature and characteristics of the offenses.

In this case, the purposes of sentencing are achieved by considering the totality of the circumstances. Mr. Byfield is a non-violent first-time offender with a support system who poses minimal risk of re-offending, especially in light of the fact that there is an immigration detainer lodged against him and he will be deported. Mr. Byfield understands this likelihood, and he understands that punishment is warranted. Respectfully however, there is little utility, from a practical perspective aside from retribution, to have Mr. Byfield serve a within guideline prison sentence followed by removal/deportation.

Based on the foregoing, Mr. Byfield respectfully requests that the Court vary from the Advisory guideline range and impose a sentence of twenty-four (24) months followed by immediate removal and restitution. Such a sentence is "sufficient, but not greater than necessary" to achieve the objectives of 18 U.S.C. § 3553(a).

Respectfully submitted on this 14th day of April 2024.

Respectfully submitted,

Owen Byfield,
By his attorneys

*/s/Kensley R. Barrett*
KENSLEY R. BARRETT
Bar No. 8657
Law Offices of Kensley R. Barrett
1000 Chapel View Blvd, Suite 260
Cranston, RI 02920
Phone: (857) 229.2442
Email:ken@krbarrettlaw.com

/s/Stefanie A. Murphy
STEFANIE A. MURPHY
Marin & Murphy Law Firm
6 Wanton Shippee Road
East Greenwich, RI 02818
Email:sm@marinmurphylaw.com

## CERTIFICATE OF SERVICE

I, do hereby certify that on April 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John McAdams
Assistant United States Attorney
Providence, Rhode Island 02903

*/s/Kensley R. Barrett*
KENSLEY R. BARRETT
Bar No. 8657
Law Offices of Kensley R. Barrett
1000 Chapel View Blvd, Suite 260
Cranston, RI 02920
Phone: (857) 229.2442
Email:ken@krbarrettlaw.com

/s/Stefanie A. Murphy
STEFANIE A. MURPHY
Marin & Murphy Law Firm
6 Wanton Shippee Road
East Greenwich, RI 02818
Email:sm@marinmurphylaw.com