**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>OWEN DEMOY BYFIELD<br>Defendant. | Cr. No. 25-CR-124-MRD |

## GOVERNMENT'S SENTENCING MEMORANDUM

The government recommends the Court sentence Defendant Owen Demoy Byfield to a term of 48 months imprisonment, as well as a period of supervised release and restitution in the amounts outlined in the Presentence Report.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

This case involves a fraud scheme that specifically targeted elderly victims in Rhode Island and other states across the country. For the victims, the scheme began when they received a letter in the mail informing them that they won the Publisher's Clearing House (PCH) Sweepstakes. For example, 77 year old R.B. of Warwick received a package in the mail telling him he had been randomly entered into a Publisher's Clearing House raffle and won $17,500,000. The package was filled with official looking documents[1] marked "Confidential" and directing him to call "Lloyd Henry," the prize representative. By his own admission, "Lloyd Henry" was none other than the

[1] Images of the documents and more detailed descriptions of the fraud are contained in the affidavit filed in support of the criminal complaint, ECF No 3-1 as well as the PSR.

defendant, Owen Demoy Byfield. The defendant personally exploited and manipulated R.B. and other victims in this case, defrauding them of over a million dollars.

This scheme was designed to intentionally prey upon the unique vulnerabilities of the elderly. Victims interviewed as part of this investigation described feeling embarrassed, taken advantage of, less trusting, and less safe. Older populations are particularly vulnerable to such scams. According to the FBI's Internet Crime Complaint Center (IC3) annual report, in 2025 the FBI received more than one million complaints from Americans, with losses exceeding $20 billion. (*2025 FBI Internet Crime Report* at 6).[2] Nearly three thousand Rhode Islanders filed complaints. Id. at 27. Based on the information provided in the complaints, over 200,000 of the fraud victims were identified as over the age of 60, resulting in approximately $7.75 billion in losses to older Americans. Id at. 44.

In this case, victims funded the frauds by emptying retirement accounts and depleting savings. While the financial losses are staggering, they are by no means the only harm. A common reaction is humiliation and anxiety. Victims blame themselves for being "stupid" to fall for the scheme. They often hide their losses from family and become anxious about answering the phone or checking email. These effects can linger for years.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

[2] Available at https://www.ic3.gov/AnnualReport/Reports/2025_IC3Report.pdf

This defendant's motive was pure greed. Defendant used his ill-gotten gains to purchase a mansion in the Atlanta suburbs, pictured below:









In order to effectuate the purchase of this home, defendant had fraud proceeds laundered through the businesses of his co-defendant. In addition, he further moved the funds to a third party, who acted as a straw purchaser of the home for defendant and his romantic partner. In order to explain the source of funds used to purchase the home, Defendant cause false bank records to be created to fool the lender. In sum, defendant was a sophisticated criminal who callously defrauded elderly people and manipulated the financial system to conceal his fraudulent profits. Every sentencing factor weighs in favor of a significant sentence.

**CONCLUSION**

The best way for this Court to prevent elderly people from being duped would be to impose a significant term of imprisonment on Byfield and others who engage in similar conduct. A guideline sentence of 48 months of imprisonment is sufficient but no greater than necessary to achieve the purposes set forth in 18 U.S.C. § 3553.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

By: /s/ John P. McAdams

John P. McAdams
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2026, a copy of the foregoing was filed electronically under seal and sent via email to counsel for the defendant.

By: s/ John P. McAdams
John P. McAdams
Assistant U.S. Attorney
U.S. Attorney's Office
District of Rhode Island